UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT BREHMER,

        Plaintiff,

 v.                                                             Case No. 13-C-0888

MICHAEL DITTMAN, et al.,

        Defendants.

**ORDER**

Plaintiff Scott Brehmer, who was incarcerated at Redgranite Correctional Institution, filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming the conditions of his confinement while a prisoner at Redgranite violated his constitutional rights. After his motion to proceed *in forma pauperis* was denied, he paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by litigants seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or portion thereof if the complaint has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff alleges that the conditions of his confinement violated the Eighth Amendment, as well as Article I, Section 5 of the Wisconsin Constitution, Wis. Stat. § 302.08, and Wis. Admin. Code DOC § 303.70.

Plaintiff's complaint centers around the conditions of his confinement while at Redgranite Correctional Institution. Specifically, Plaintiff complains of the temperature in his cells and his inadequate clothing on the "I-Unit," a segregation unit, from December 9, 2011 to January 23, 2012. Plaintiff provides a detailed narrative of the conditions, the harm he experienced, his verbal and written requests and complaints, and the responses or non-responses by Redgranite personnel.

Plaintiff's complaint describes the conditions in his cell as "extremely cold," "freezing cold," "so cold I could see my breath," "really cold," and "cold as hell" over nearly the entire period between December 9 and January 23. (Dkt. 1.) According to the complaint, the only time the cell was not cold was after morning showers for about ten minutes. Plaintiff also details his requests to have temperature readings conducted by maintenance, to have the heat turned up, or to obtain thermal underwear. Plaintiff specifically describes at least eight verbal requests and five written requests while on I-Unit. Plaintiff received a response to his requests in some cases, but not in

3

others. For example, in response to his first written request to defendant Captain Guske, Plaintiff was informed that the temperature for all buildings was set at 68 degrees. However, multiple verbal requests to defendant Officer Schmidt were allegedly ignored or dismissed. In addition, at least one temperature reading was conducted while Plaintiff was on I-Unit, though it is not clear if the reading was routine or in response to Plaintiff's requests. Plaintiff also wrote a letter to the warden regarding the conditions on January 22, 2012 and received a response to that letter on January 30, 2012—his complaint does not describe the content of the response. Finally, after his release from I-Unit, Plaintiff claims to have filed a grievance in the internal complaint system and exhausted his administrative remedies. He did not provide any detail regarding the result of the process. As a result of the cold conditions, Plaintiff alleges that he experienced numbness, tingling, and pain in his extremities and joints, struggled to stand, developed headaches and sinus problems, and struggled to sleep.

The Eighth Amendment proscribes cruel and unusual punishment. U.S. Const. amend. VIII. The Supreme Court has interpreted these words "in a flexible and dynamic manner." *Gregg v. Georgia*, 428 U.S. 153, 171 (1976). They impose limits not only on the severity of the sentence that can be directly imposed as punishment for a crime, but also on the conditions of confinement to which an inmate serving a lawful sentence can be subjected. *Rhodes v. Chapman*, 452 U.S. 337, 346–47 (1981). While the Eighth Amendment does not mandate comfortable prisons, prisoners do have the right to "the minimal civilized measure of life's necessities." *Id.* at 347; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). These necessities have been held to include adequate food, clothing, shelter, and medical care, as well as reasonable protection from known threats to an inmate's safety. *Id.* at 832. In order to prevail, plaintiff must also show that the defendants acted

4

with a culpable state of mind. *Id.* at 847 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

Plaintiff has sufficiently stated a conditions-of-confinement claim based on the temperature in his cell and inadequate clothing. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment.") (citing *Lewis v. Lane*, 816 F.2d 1165 (7th Cir. 1987)); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (holding prisoner could bring suit claiming inhumane conditions; "[c]old temperatures need not imminently threaten inmates' health to violate the Eighth Amendment"); *Del Raine v. Williford*, 32 F.3d 1024, 1035 (7th Cir. 1994)(holding inmate need not allege frostbite or hypothermia to establish that cold temperatures endangered inmate's health). Plaintiff's complaint provides sufficient factual allegations regarding the cold temperatures and the lack of adequate clothing for a facially plausible claim. He further alleges the harms he experienced as a result, including pain and lack of sleep.

Plaintiff also sufficiently alleged that most of the named defendants knew of the risk of harm posed by the cell conditions based on his repeated complaints. By the court's count, he complained to eight different individuals at Redgranite about the cold conditions in his cell, including defendants Warden Michael Dittman, Captain Guske, Sergeant Wilson, and Officer Schmidt. Although it is doubtful that any of the defendants had a duty to fix the cold conditions themselves, they should have at least passed the problem to superiors or submitted appropriate requests to the appropriate department. He generally alleges that these named defendants did not try to remedy his

5

complaints regarding the conditions of confinement on I-Unit. His factual allegations, construed liberally, plausibly give rise to an entitlement to relief.

However, Plaintiff's complaint also names Scott Eckstein, the deputy warden, and Michelle Smith, an inmate complaint examiner. Nowhere in the complaint does Plaintiff allege any facts that suggest Mr. Eckstein or Ms. Smith even knew of Plaintiff's complaints. In fact, Mr. Eckstein and Ms. Smith are never mentioned in the complaint beyond their original identification on the second page. As a result, his claims against them are not facially plausible, and they will be dismissed from the lawsuit.

Thus, because Plaintiff has set forth a cognizable constitutional claim, the case will proceed. The court finds that Plaintiff may proceed on the following claim: that defendants Dittman, Guske, Wilson, and Schmidt were deliberately indifferent to Plaintiff's conditions of confinement by failing to address his complaints regarding cold temperatures in his cell and inadequate clothing.

**IT IS THEREFORE ORDERED** that the plaintiff's claims against Deputy Warden Scott Eckstein and Michelle Smith are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants. The Department of Justice will notify the court within 21 days of the date of notice of electronic filing the names of the defendants on whose behalf the Department will accept service of process and provide the pleadings to those defendants. The Department will also inform the court of the names of those defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them and the last known address of defendants.

6

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate was confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> ℅ Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> Jefferson Court Building
> 125 S. Jefferson St., Suite 102
> Green Bay, Wisconsin 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that copies of future documents filed with the court that can be scanned and electronically filed need not be served on the other parties. Copies of documents that the clerk advises cannot be electronically scanned, however, must be provided to the opposing parties or their attorney pursuant to Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

7

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin, this ___7th___ day of October, 2013.

                                                        s/ William C. Griesbach
                                                       William C. Griesbach, Chief Judge
                                                       United States District Court